**FILED**

SEP 0 4 2008

PATRICK E. DUFFY, CLERK

By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| ERIC WAYNE BEEBE, | ) | CV 07-76-H-DWM-RKS |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MIKE MAHONEY; ATTORNEY GENERAL OF THE STATE OF MONTANA, | ) ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Beebe has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Petitioner challenges the revocation of his parole. Prior to filing his federal Petition Beebe filed two petitions for writ of habeas corpus in the Montana Supreme Court, which were denied.

United States Magistrate Judge Keith Strong conducted preliminary screening of the Petition as required by Rule 4 of the Rules Governing Section 2254 cases in the United States

District Courts. Under Rule 4, the Petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the District Court." If summary dismissal is not warranted, the judge must order the respondent to file an answer, motion, or other response or to take some other action as ordered by the judge.

Judge Strong issued Findings and Recommendations in which he recommends dismissal of the Petition for failure to allege a constitutional due process violation. Judge Strong explained that under Williams v. Taylor, 529 U.S. 362, 405-06 (2000) and Morrisey v. Brewer, 408 U.S. 471, 485 (1972), Petitioner must show that the parole officers or Parole Board acted in a manner contrary to, or unreasonably applied, clearly established federal law. The Magistrate discussed each step of the parole revocation process applied to the Petitioner and found such violation. Judge Strong also recommends denial of a certificate of appealability.

Petitioner did not timely object and so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000). I can find no clear error with Judge Strong's

Findings and Recommendations and therefore adopt them in full.

Accordingly, IT IS HEREBY ORDERED that the Petition is DENIED on the merits, and a certificate of appealability is DENIED.

The Clerk of Court is direct to enter by separate document a judgment in favor of Respondents and against Petitioner.

DATED this 4<sup>L</sup> day of September, 2008.

Donald W. Molloy, District Judge
United States District Court